

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

September 15, 2025

**VIA ECF**
Lyle W. Cayce
Clerk of Court
United States Court of Appeals, Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

> Re: *AbbVie v. Murrill*, No. 24-30645 (consol. w/ Nos. 24-30651, 24-30673)
>
> **Rule 28(j) Notice of Supplemental Authority:** *AbbVie v. Fitch*, No. 24-60375 (5th Cir. 9/12/25), 2025 WL 2630900.

Dear Mr. Cayce:

On Friday, this Court affirmed the denial of a preliminary injunction to bar enforcement of a near-identical Mississippi law. *See AbbVie v. Fitch*, No. 24-60375 (5th Cir. 9/12/25). A copy of that unanimous per curiam opinion is attached.

AbbVie sought to enjoin Mississippi's Attorney General from enforcing its House Bill 728, which—like Louisiana's Act 358—"prohibits drug manufacturers from interfering with covered entities' distribution of Section 340B drugs via contract pharmacies." Op.2. It pressed the same grounds raised by the parties here: field preemption, conflict preemption, and takings. *See* Op.6. But "on the specific claims and sparse record," the Court could not "say that injunctive relief is appropriate." Op.2.

On takings, the Court assumed AbbVie's property interest but observed that "it may be the case that because AbbVie does not own the Section 340B drugs after the point of sale, it has no compensable property interest in at least some of the drugs regulated by H.B. 728," Op.8 n.2.



STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

Either way, its physical and regulatory taking theories failed. *See* Op.9, 11. "H.B. 728 does not impose on drug manufacturers a positive obligation to directly transfer or sell their drugs to anyone[,] [n]or does it require them to sell larger quantities of their drugs at discounted prices than Section 340B requires[.]" Op.9. Rather, it imposes "a negative obligation of non-interference." *Id.* And "the *Penn Central* factors weigh heavily in the state's favor." Op.11.

On preemption, the Court began with the "presumption against preemption," Op.13, "because H.B. 728 regulates matters that have traditionally been the domain of the states," Op.17. As to field preemption, it concluded that "there is no federal framework so pervasive that Congress left no room for state supplementation," Op.14. "Notably, [340B] regulates neither the distribution of drugs to patients nor the role of pharmacies in this distribution." *Id.* Thus, "Congress has expressed no clear and manifest intent to preempt state laws" here. Op.16. Nor did H.B. 728 create a conflict: It "does not expand Section 340B's list of covered entities to include contract pharmacies" or "intrude upon" 340B's enforcement scheme. Op.16–17.

Word Count: 345

        Respectfully,

        */s/Caitlin Huettemann*
        J. Benjamin Aguiñaga
          Solicitor General
        Zachary Faircloth
          Principal Deputy Solicitor
          General
        Caitlin Huettemann
          Assistant Solicitor General

        *Counsel for Appellees*

cc:    All Counsel (via ECF)