# Arnold & Porter

Allon Kedem
+1 202.942.6234 Direct
allon.kedem@arnoldporter.com

September 16, 2025

**VIA ECF**

Hon. Lyle W. Cayce, Clerk of the Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *AstraZeneca v. Murrill*, No. 24-30651

Dear Mr. Cayce:

Pursuant to Rule 28(j), AstraZeneca Pharmaceuticals submits this response to Louisiana's September 15 letter discussing *AbbVie v. Fitch*, No. 24-60375 (5th Cir. Sept. 12, 2025). That decision, which concerned whether the preliminary injunction standard had been satisfied for a challenge to Mississippi's contract pharmacy law, does not address key issues raised in this case.

*First*, the *Fitch* panel applied a presumption against preemption, reasoning that the Mississippi law "regulates matters that have traditionally been the domain of the states." Op. 17. But the panel did not consider whether the presumption applies where a State attempts to regulate something "inherently federal in character because the relationship originates from, is governed by, and terminates according to federal law." *Buckman Co. v. Plfs.' Legal Comm.*, 531 U.S. 341, 347 (2001). Act 358 meets that description, because it applies only to "acquisition of a *340B drug* by, or delivery of a *340B drug* to, a pharmacy that is under contract with a *340B entity*." La. Stat. Ann. § 40:2884(A) (emphases added). Act 358 is thus entirely parasitic on federal law: If there were no 340B program, there would be no 340B drugs or 340B entities—hence nothing for the Act to regulate.

*Second*, the Fitch panel's conflict preemption analysis did not consider AstraZeneca's central argument: When a state law imposes an expensive obligation on participants in a federal benefits program (and only on participants in a federal benefits program), it thereby "skew[s]" the program's "delicate balance of statutory objectives." *Buckman*, 531 U.S. at 348. Nor did the panel consider whether the specific obligations imposed on manufacturers by a law like Act 358 constitute a regulation of drug *pricing*— something no State may regulate—because the way a manufacturer violates the Act is by offering its products at too high a price.

*Third*, the *Fitch* panel did not consider a Contracts Clause claim. It thus did not consider whether a state law impairs contractual rights when it imposes new and costly obligations—regardless of how those obligations are characterized—only on those who sign contracts, as Act 358 does for manufacturers who sign Pharmaceutical Pricing Agreements.

Respectfully Submitted,

*/s/ Allon Kedem*
Allon Kedem
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942-6234
Allon.Kedem@arnoldporter.com